UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AGMednet, Inc., d/b/a Judi by AGMednet,<br><br>Plaintiff,<br><br>v.<br><br>Judefly, Inc., and Judy LLC,<br><br>Defendant. | Civil Action No. 1:23-cv-12929 |

### COMPLAINT

Plaintiff AGMednet, Inc., d/b/a Judi by AGMednet ("Plaintiff," or "AGMednet"), by and through its attorneys, files this Complaint against Defendants Judefly, Inc., and Judy LLC ("Defendants"). This an action for declaratory judgment arising out of Defendants' unsupportable allegations of trademark infringement. Specifically, Defendants have wrongfully asserted that Plaintiff's use of its marks creates a likelihood of confusion and infringes upon Defendants' marks, when no such likelihood of confusion exists. In fact, Plaintiff has priority and Defendants did not have rights in their marks at the time Plaintiff commenced use of its marks. Even if that were a close call—and it is not—Plaintiffs are entitled to a declaration that Defendant Judefly, Inc.'s registration should be cancelled because the registered mark was not in use in connection with the identified services at the time the application was filed.

### PARTIES

1. Plaintiff is a Delaware corporation with its principal office in Boston, Massachusetts. Plaintiff provides software as a service ("SaaS") services related to clinical trials.

2. On information and belief, Judefly, Inc. is a Delaware corporation with its principal place of business in Phoenix, Arizona.

3.      On information and belief, Judy LLC is an Arizona limited liability company with its principal office in Phoenix, Arizona. On information and belief, the sole Member and Manager of Judy LLC is Eean Patterson ("Patterson"), an individual and a resident of Arizona.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because it arises out of the Constitution, laws, or treaties of the United States. Specifically, this action for declaratory judgment arises out of Defendants' assertion of trademark claims pursuant to, *inter alia*, 15 U.S.C. § 1051, *et seq.*

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, Defendants have put in issue Plaintiff's acts in this district by alleging those acts to infringe Defendants' trademarks.

## FACTUAL BACKGROUND

<u>Plaintiff's JUDI Mark and Clinical Trial Services</u>

6.      Plaintiff is a Boston-based life sciences technology company that provides a cloud-based software platform for medical clinical trials to empower complex workflow management and collaboration among trial sites, sponsors, contract research organizations and other partners (the "AGMednet Services").

7.      Plaintiff uses the word marks "JUDI" (the "JUDI Mark") and "JUDI BY AGMEDNET" and the following logo (together with the JUDI Mark, the "AGMednet Marks") in connection with the offering, advertising, promotion and sale of the AGMednet Services:



8.      Plaintiff has used the JUDI Mark in U.S. commerce to indicate the source of AGMednet Services since at least as early as July 2015. "Judi" was selected because of its etymology to the word "adjudication," with reference to clinical trial results.

9. Since Plaintiff began using the JUDI Mark more than eight years ago, the JUDI Mark has become associated with Plaintiff's industry-leading SaaS services for medical clinical trials, and Plaintiff has developed substantial goodwill in the JUDI Mark.

10. In connection with Plaintiff's use in commerce of the AGMednet Marks, on or about November 22, 2021, Plaintiff filed at the U.S. Patent and Trademark Office ("USPTO") Trademark Application Serial No. 97137192 for the word mark "JUDI BY AGMEDNET," which application matured to registration on or about March 28, 2023 under Registration No. 7009701 (the "AGMednet Registration").

11. The AGMednet Registration is registered in association with the following services:

> Software as a service (SaaS) services featuring software for providing clinical trial workflow, content and process management, data analytics, data visualization, data optimization and collecting, analyzing and managing clinical trial data and processes; software as a service (SaaS) services featuring software for enterprise level content management in the field of life sciences; providing online, non-downloadable cloud-based software and web applications for clinical trial collaboration for pharmaceutical, biotechnology and medical device companies and contract research organizations (CROs).

12. A true and accurate copy of the AGMednet Registration is attached as Exhibit 1.

Defendants' Unrelated Marks and Services

13. For their part, Defendants claim to use the word marks JUDY and JUDY.AI (the "Judefly Marks") in connection with providing "a wide range of Software services and good activities associated within the field of medicine and storage workflows."

14. In fact, on information and belief, Defendants' only use of the Judefly Marks, if any, has occurred in connection with an AI cloud assistant bot software platform that enables users to upload and share documents, send documents for e-signature, and help businesses write copy and advertisements.

15. On information and belief, Defendants' JUDY-brand AI cloud assistant service was launched in July 2023 and is currently in its minimum viable product stage.

16. On information and belief, Defendants did not prior to July 2015, and do not currently, use the Judefly Marks in connection with providing SaaS services for medical clinical trials, or any other

products or services in the medical or clinical fields or otherwise directed to clinical trial sites, sponsors or contract research organizations.

17. On or about August 13, 2020, Defendant Judefly, Inc. filed at the USPTO Trademark Application Serial No. 90111309 for the word mark "JUDY," which application matured to registration on or about July 20, 2021 under Registration No. 6423639 (the "Judefly Registration").

18. The Judefly Registration is registered in association with the following services:

> Software as a service (SaaS) services featuring software for providing deep learning data analysis that automates analytical model building for electronic document processing, e-commerce processing software and customer-relationship management software; Software as a service (SaaS) services featuring computer software used for controlling stand-alone voice controlled information, chatbot and personal assistant devices; Software as a service (SaaS) featuring computer software for accessing, browsing, and searching online databases, audio, video and multimedia content, and software applications, software application marketplaces; Software as a service (SaaS) featuring computer software for accessing, monitoring, tracking, searching, saving, and sharing information on topics of general interest; Software as a service (SaaS) featuring computer software for connecting, operating, integrating, controlling, and managing networked consumer electronic devices, home climate devices and lighting products via wireless networks; Software as a service (SaaS) featuring computer software for others to use for the development of software to manage, connect, and operate internet of things (IoT) electronic devices; Software as a service (SaaS) featuring computer software for others to use for the development of software applications; Software as a service (SaaS) featuring computer software for use as an application programming interface (API); Software as a service (SaaS) featuring computer software for use in retail store operation and ordering services for a wide variety of consumer goods; Application service provider (ASP) services featuring software for controlling, integrating, operating, connecting, and managing voice controlled information devices, namely, cloud-connected and voice-controlled smart consumer electronic devices and electronic personal assistant devices; Providing customized computer searching services, namely, searching and retrieving information at the user's specific request via the internet; Provision of Internet search engine services; Design and development of computer hardware and computer software; Software as a service (SaaS) services, namely, hosting software for use by others for use providing an online database featuring a wide range of general interest information via the internet; Providing temporary use of non-downloadable internet browser software; Hosting of third party digital content in the nature of travel, medicine, photos, videos, text, data, images, web sites, and other electronic works on the internet; Providing internet search engines; Platform as a service (PAAS) featuring computer software platforms to allow users to request and receive photos, videos, text, data, images, and electronic works; Platform as a service (PAAS) featuring computer software platforms to allow users to request and receive content, text, visual works, audio works, audiovisual works, literary works, data, files, documents, and electronic works; Providing temporary use of non-downloadable computer software for use in database management, use

    in electronic storage of data, and if software is content- or field-specific, the field of use; Hosting online facilities for others to enable users to access and download computer software; Application service provider (ASP) featuring software for use in database management; Platform as a service (PAAS) featuring computer software platforms for use in database management; Software as a service (SAAS) services featuring software for use in database management; Computer services, namely, creating and hosting an on-line community for registered users to engage in social networking; Providing temporary use of on-line non-downloadable software and applications for accessing streaming audio and video files, social networks, text files, and multimedia files; Application service provider (ASP) featuring application programming interface (API) software for the streaming, storage, and sharing of content, data and information; Computer software development in the field of mobile applications; Software as a service (SaaS) services featuring software for accessing smart documents, distributed ledgers and blockchain technologies.

19. A true and accurate copy of the Judefly Registration is attached as Exhibit 2.

20. On information and belief, Defendants were not using the JUDY mark for all of the services listed in the Judefly Registration at the time Defendant Judefly, Inc. filed its application on or about August 13, 2020, even though the application for the Judefly Registration claims a date of first use in U.S. commerce of January 16, 2016 and was filed on the basis of Judefly, Inc.'s then-current use of the mark in U.S. commerce.

21. Despite Defendants' claim to ownership of prior trademark rights in the Judefly Marks, Defendants own no trademark rights in the designation that existed prior to the date that Plaintiff commenced use of the JUDI Mark. To whatever extent Plaintiff's uses overlap with those listed in the Judefly Registration, the Judefly Registration should not have been granted because it is Plaintiff, not Defendants, that had first use.

22. On or about August 20, 2023, Defendant Judefly, Inc. filed at the USPTO Trademark Application Serial No. 98141416 for the stylized version of the mark "JUDY.AI" below in connection with the following services:

    Devices for hands-free use of mobile phones; Downloadable mobile applications for downloading and reading electronic publications on portable electronic devices; Downloadable intelligent personal assistant software for voice recognition, natural language processing, searching the internet for traffic and weather information, appointment reminders, and IOT; Downloadable software development kits (SDK); Electronic navigational and positioning apparatus and instruments; Hands free devices for mobile-phones; Navigational systems for

autonomous ships; Smart home hubs using artificial intelligence comprised of voice-activated speakers, computer hardware, and recorded software for controlling stand-alone voice controlled information and personal assistant devices; Wireless communication device featuring voice, data and image transmission including voice, text and picture messaging, a video and still image camera, also functional to purchase music, games, video and software applications over the air for downloading to the device.



23. A true and accurate copy of the registration application at the USPTO is attached hereto as Exhibit 3.

Defendants' Allegations of Infringement are False and Create this Controversy

24. On or about November 9, 2023, Patterson sent a letter to Plaintiff's legal representatives ("Patterson's Letter"). A true and accurate copy of Patterson's Letter is attached as Exhibit 4.

25. In Patterson's Letter, Patterson accused Plaintiff of trademark infringement and made a number of inaccurate factual statements and legal arguments.

26. First, Patterson claimed that Defendants were the representatives of "the registered trademark JUDY and JUDY.AI." Yet, as of the date of Patterson's Letter and this Complaint, only "JUDY" is registered to Defendants; Judefly, Inc.'s trademark application for "JUDI.AI" is still pending and has not been examined.

27. Patterson described Defendants' use as follows:

hosting software for use by others for use providing an online database featuring a wide range of general interest information via the internet; Providing temporary use of non-downloadable internet browser software; Hosting of third party digital content in the nature of travel, medicine, photos, videos, text, data, images, web sites, and other electronic works on the internet.

28. These uses, even if protected, are self-evidently distinct from the AGMednet Services provided by Plaintiff and identified in the AGMednet Registration listed above.

29. Patterson's Letter then took unsupportable legal positions. He claimed that Plaintiff's use of its mark JUDI and its registered mark JUDI BY AG MEDNET was "likely to hinder customer acquisition

and trust to believe that Judy and/or its products or services are licensed, authorized, or affiliated with medicine product services" which, as a result, he claimed constitutes trademark infringement by Plaintiff and confusion of service to Defendants.

30. Defendants' legal and factual claims are wrong. Even a cursory inspection of the parties' uses, scope of registered rights and priority dates makes clear that Plaintiff's activities cannot result in any likelihood of confusion.

31. Patterson's Letter further demanded a deadline of December 1, 2023 for Plaintiff to cease its entirely appropriate use of its own mark, giving rise to the inference that Defendants will bring imminent suit for trademark infringement.

32. The accusations of infringement set out in Patterson's Letter are without basis because Defendants own no trademark rights in the Judefly Marks that existed prior to the date that Plaintiff commenced use of the AGMednet Marks on which to base these claims. Even if the marks could be confused, Plaintiff's use was first in time.

33. Defendants' accusations of infringement set out in Patterson's Letter are without basis because consumers are not likely to be confused by Plaintiff's use of the AGMednet Marks.

34. Plaintiff and Defendants are not competitors.

35. Plaintiff and Defendants do not offer the same services.

36. The AGMednet Marks and the Judefly Marks are distinct and different and convey distinct commercial impressions and meanings.

37. No likelihood of confusion exists between the parties' respective uses of their marks because the AGMednet Marks and the Judefly Marks travel in different channels of trade and reach different consumers.

38. Plaintiff is not aware of a single instance of actual consumer confusion despite the AGMednet Marks and the Judefly Marks existing in their respective marketplaces for at least a year and a half.

39. On information and belief, Defendants are not aware of a single instance of actual consumer confusion despite the AGMednet Marks and the Judefly Marks existing in their respective marketplaces for at least a year and a half.

40. Based on all of the above, the AGMednet Marks cannot and do not infringe upon or otherwise create any likelihood of confusion in the marketplace as to the Judefly Marks, and Plaintiffs' use of its AGMednet Marks has not and cannot cause any harm or damage to Defendants.

## COUNT I
### (Declaratory Judgment of Non-Infringement of Trademark)

41. Plaintiff repeats and hereby incorporates in this Count paragraphs 1-40.

42. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*

43. A bona fide justiciable and substantial controversy exists between the parties with adverse legal interests as to either present or prospective obligations.

44. A judgment would serve a useful purpose in clarifying or settling the legal issues described above.

45. A judgment would finalize the controversy and offer relief from uncertainty.

46. Specifically, Defendants have asserted that Plaintiff's valid use of its own marks and services constitutes actionable trademark infringement.

47. Moreover, Defendants' arbitrary and commercially unreasonable demand deadline makes clear that Defendants will bring suit for trademark infringement, making the dispute between Plaintiff and Defendants over Plaintiff's use of its own marks a live, actual, and present controversy.

48. The controversy includes: whether Plaintiff's acts are trademark infringement (answer, no) whether there is any likelihood of confusion between Plaintiff's use of its own mark and Defendants' registered mark (answer, no); and whether Defendants' registered mark was validly obtained based on the inaccurate information in Defendants' application (answer, no).

49. In light of the foregoing, Plaintiff is entitled to the declaratory relief sought herein because, *inter alia*, (i) there is a present controversy based upon the facts alleged above; (ii) Plaintiff rights are

dependent upon the facts alleged above; (iii) Defendants have an actual, preset, adverse, and antagonistic interest in this matter; (iv) all antagonistic and adverse interests are before the Court by proper process; (v) the issues raised by Plaintiff are not propounded from curiosity and the relief sought is not merely the rendering of legal advice by the Court; and (vi) there is a bona fide need for a declaration based on present, ascertainable facts.

50. Absent the issuance of declaratory relief, Plaintiff will be irreparably injured by Defendants' misconduct alleged herein as well as the likelihood of continued such misconduct (*i.e.*, wrongful assertion of trademark infringement against Plaintiff's lawful use) in the future.

51. Plaintiff is entitled to a declaratory judgment that Plaintiff's past use and continued use of the AGMednet Marks: (i) is not intended or likely to cause confusion, mistake or deception as between source, association or affiliation of the parties' respective products, services or businesses; (ii) has not, does not and will not jeopardize the goodwill, if any, symbolized by any valid portion of the Judefly Marks; and (iii) has not, does not and will not infringe, either directly or indirectly, upon any trademark rights of Defendants under the Lanham Act, Massachusetts common law or Massachusetts statutory law.

## COUNT II
**(Declaratory Judgment of Trademark Invalidity)**

52. Plaintiff repeats and hereby incorporates in this Count paragraphs 1-51.

53. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Defendants owned no valid trademark rights in the Judefly Marks as of the date Plaintiff commenced use of the JUDI Mark.

54. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights to continue using the AGMednet Mark in the manner set out in this Complaint.

55. Plaintiff is entitled to a declaratory judgment that Defendants owned no valid trademark rights in the Judefly Marks as of the date Plaintiff commenced use of the JUDI Mark. Plaintiff therefore has not violated any of Defendants' alleged rights in the Judefly Marks.

## COUNT III
**(Cancellation of Trademark Registration)**

56. Plaintiff repeats and hereby incorporates in this Count paragraphs 1-55.

57. The Judefly Registration is registered for use in connection with an extensive list of technology and SaaS services in Class 42 (as identified in the Judefly Registration, the "Registered Judefly Services").

58. The Judefly Registration was filed as a use-based application under the provisions of 15 U.S.C. § 1051(a) on or about August 13, 2020.

59. On information and belief, Defendant Judefly, Inc. was not using the JUDY mark in connection with all or a portion of the Registered Judefly Services as of the application filing date for the Judefly Registration as required by 15 U.S.C. § 1051(a).

60. As a result, the Judefly Registration is *void ab initio* in its entirety or at least with respect to its recitation of Registered Judefly Services that were not in use as of the application filing date.

61. In addition, in the event that there is found to be a likelihood of confusion between the parties' marks, Plaintiff has priority of use over Defendants by virtue of Plaintiff's continuous use of the JUDI Mark in U.S. commerce since at least as early as July 2015, many years before Defendants' apparent July 2023 product launch. Therefore, it is Defendants' JUDY mark identified in the Judefly Registration that so resembles a mark previously used in the United States by another and not abandoned as to be likely, when used on or in connection with the goods or services of Defendants, to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1052(d).

62. Plaintiff is damaged by the continued registration of the Judefly Registration because Defendants have alleged that the AGMednet Marks are infringing upon the Judefly Marks and have made corresponding demands that Plaintiff cease and desist from using the AGMednet Marks in connection with the AGMednet Services.

63. Plaintiff seeks to cancel the Judefly Registration in its entirety.

64. This Court has the authority to render such cancellation pursuant to 15 U.S.C. § 1119, as Defendants were not using the JUDY mark for all of the Registered Judefly Services as of the filing date of

the underlying application corresponding to the Judefly Registration, Defendants have never used the JUDY mark for all or a portion of Registered Judefly Services, and, to the extent that there is determined to be a likelihood of confusion between the parties' marks, Plaintiff has priority of use, each in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*

### **PRAYER FOR RELIEF**

Wherefore, it is respectfully requested that the Court issue an order and judgment in Plaintiff's favor as follows:

A. Declaring that Plaintiff has the right and is entitled to use the AGMednet Marks without further interference from Defendants;

B. Declaring that Plaintiff's past use and continued use of the AGMednet Marks in connection with its business has not, does not and will not: (i) cause confusion, mistake or deception as between source, association or affiliation of the parties' respective products, services or businesses; (ii) jeopardize the goodwill, if any, symbolized by any valid portion of the Judefly Marks; or (iii) infringe, either directly or indirectly, upon any trademark rights of Defendants;

C. Declaring that Defendants own no enforceable trademark rights in the Judefly Marks that existed prior to the date Plaintiff commenced use of the JUDI Mark;

D. Declaring that the Judefly Registration should be cancelled;

E. Permanently restraining and enjoining Defendants and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Plaintiff's use of the AGMednet Marks infringes any rights of Defendants in the Judefly Marks or instituting, prosecuting or threatening any action against Plaintiff's use or registration of the AGMednet Marks and trade names in connection with its business;

F. Awarding to Plaintiff its reasonable attorneys' fees against Defendant under 15 U.S.C. § 1117, this case being exceptional; and

G.     Granting such other and further relief as the Court deems just and proper.

Dated: December 1, 2023               Respectfully submitted,

/s/ *Nicholas M. O'Donnell*
Nicholas M. O'Donnell
BBO No.: 657950
**SULLIVAN & WORCESTER LLP**
One Post Office Square
Boston, MA 02109
Tel: (617) 338-2800
Email: nodonnell@sullivanlaw.com

Michael S. Palmisciano
BBO No.: 688274
**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, NY 10019
Tel: (212) 660-3000
Email: mpalmisciano@sullivanlaw.com

*Counsel for Plaintiff AGMednet, Inc.*